```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                           Norfolk Division
```

**NORFOLK DREDGING COMPANY,**

        **Plaintiff,**

   **v.**                                      **ACTION NO. 2:05cv661**

**STEPHEN L. PHELPS,**

        **Defendant.**

## OPINION AND ORDER

Plaintiff, Norfolk Dredging Company, Inc. ("Norfolk Dredging") brings this action pursuant to the federal Declaratory Judgment Act. 28 U.S.C. § 2201. Plaintiff seeks a declaratory judgment from this court stating that Norfolk Dredging has no obligation to provide defendant with maintenance and cure for a work-related injury he sustained on or about July 14, 2005.

## I. Procedural History

Plaintiff filed this complaint on November 8, 2005. By order entered March 13, 2006, the court ordered plaintiff to show cause why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m), as service on defendant had not been effected within 120 days of the filing of the complaint. On March 14, 2006, plaintiff filed an affidavit in response to the court's order, and on March 31, 2006, plaintiff filed a written response to the court's

order.[1]  On March 29, 2006, defendant filed a Motion to Dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6).  On April 4, 2006, the court entered an order stating that plaintiff had successfully served defendant by publication and that this court has jurisdiction over defendant.  Plaintiff filed a memorandum opposing defendant's Motion to Dismiss on April 12, 2006.  For the reasons set out below, the court **DENIES** defendant's Motion to Dismiss.

## II.  Facts

As set out in plaintiff's complaint,[2] this action involves an injury sustained by defendant while he was working as a deckhand on the tenderboat, "Charlie."  At the time of the injury, "Charlie" was operating near Craney Island in Hampton Roads, Virginia.  Defendant injured his neck when he struck his head on the top of a doorframe.  Defendant contends that Norfolk Dredging has an obligation to provide him with maintenance and cure because of this injury.  Norfolk Dredging claims that because defendant's alleged injury did not occur while he was in the service of the vessel, it has no obligation to provide him with maintenance and cure for his injury.

---

[1] Plaintiff also filed a complaint for Exoneration from or Limitation of Liability on March 17, 2006.  See In the Matter of the Complaint of Norfolk Dredging Co. as Owner of Tug CHARLIE, for Exoneration from or Limitation of Liability, Civil Action No. 2:06cv156 (E.D.Va. filed March 17, 2006).

[2] Defendant has not provided a detailed factual background of this action in any of his filings with the court.

### III.  Jurisdiction and Venue

In his Motion to Dismiss, defendant moves to dismiss this action under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(3) for improper venue. Defendant does not address either of these statements in his Memorandum of Law in Support of Motion to Dismiss.

The Declaratory Judgment Act states:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).  The Declaratory Judgment Act is a procedural statute that does not itself confer jurisdiction upon a court. <u>Mut. Life Ins. Co. of New York v. Moyle</u>, 116 F.2d 434, 437 (4th Cir. 1940) (stating that the federal Declaratory Judgment Act does not add to the jurisdiction of the court, "but is a procedural statute which provides an additional remedy for use in those cases and controversies of which the federal courts already have jurisdiction") (quoting <u>Aetna Cas. Co. v. Quarles</u>, 92 F.2d 321, 323 (4th Cir. 1937)).  Thus, in a federal Declaratory Judgment Act case, the court must have jurisdiction over the case independent of the declaratory judgment remedy sought by the plaintiff.

In this case, the controversy involves whether Norfolk Dredging has an obligation to provide maintenance and cure to an injured

3

seaman. Maintenance and cure provides a remedy to a seaman who becomes ill or injured while in the service of his ship until the seaman achieves maximum recovery. Williams v. Kingston Shipping Co., Inc., 925 F.2d 721, 723 (4th Cir. 1991). The right to maintenance and cure arises under the law of admiralty. Garrett v. Moore-McCormack Co., Inc., 317 U.S. 239, 240 n.2 (1942). Furthermore, pursuant to Federal Rule of Civil Procedure 9(h), plaintiff identified this claim as an admiralty claim in the complaint. Therefore, this court has jurisdiction over this admiralty case pursuant to 28 U.S.C. § 1333(1).

Defendant moves the court, in his Motion to Dismiss, to dismiss this action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). As stated in the complaint, the events or omissions giving rise to this claim occurred in Hampton Roads, making the Norfolk Division of the Eastern District of Virginia a proper venue for this action under 28 U.S.C. § 1391(b).

### IV.  Failure to State a Claim Under Rule 12(b)(6)

Defendant argues that plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). The court should only dismiss a complaint pursuant to Rule 12(b)(6) for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978).

When determining whether to decide an action under the Declaratory Judgment Act, a district court must first determine whether it has subject matter jurisdiction and whether an actual controversy exists.  28 U.S.C. § 2201(a); Volvo Constr. Equip. N. America, Inc., v. CLM Equip. Co., Inc., 386 F.3d 581, 592 (4th Cir. 2004).  An actual controversy exists when the dispute is "definite and concrete, touching the legal relations of the parties having adverse legal interests." White v. Nat' Union Fire Ins. Co., 913 F.2d 165, 167 (4th Cir. 1990) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937)).  Then, the district court must determine whether to exercise its discretion to render a declaratory judgment.  See White, 913 F.2d at 167.  The Declaratory Judgment Act is an enabling statue that grants discretion to the district courts, not an absolute right to the litigant. Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995).  The district court's discretion should be liberally exercised, United States v. Pennsylvania, Dep't of Envtl. Res., 923 F.2d 1071, 1074 (3rd Cir. 1990), and the district court must articulate a good reason if it declines to exercise review.  Pub. Affairs Associates, Inc., v. Rickover, 369 U.S. 111, 114 (1962).

The United States Court of Appeals for the Fourth Circuit has identified four factors the district court should consider in deciding whether to exercise its discretion in granting declaratory relief.  These factors are: (1) whether the judgment "will serve a

useful purpose in clarifying the legal relations in issue;" (2) whether the judgment "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding;" (3) considerations of federalism, efficiency, and comity; (4) "whether the declaratory judgment action is being used merely as a device for procedural fencing – that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable." Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co. 139 F.3d 419, 422-23 (4th Cir. 1998)(internal quotations omitted).

The Fourth Circuit has stated that the pendency of a related or parallel state court action weighs in favor of the district court declining to exercise jurisdiction. See e.g. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp. 416 F.3d 290, 297 (4th Cir. 2005). However, the Fourth Circuit in Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co. 139 F.3d 419, 424 (4th Cir. 1998) found that even in the absence of a state court proceeding, the district court still has discretion to dismiss a declaratory judgment action. Furthermore, the existence of another adequate remedy does not preclude the district court from granting declaratory relief. See Powell v. McCormack, 395 U.S. 486, 517-518 (1969).

In determining whether to exercise its jurisdiction in this case, the court must first consider whether it has jurisdiction over this action and whether there exists an actual controversy. As

discussed above, this court clearly has jurisdiction over this action. Furthermore, there clearly exists an actual controversy between the parties in this action. Plaintiff claims that because defendant's alleged injury did not occur while he was in the service of the vessel, plaintiff is not obligated to provide him with maintenance and cure. Defendant disputes plaintiff's contention, and argues that he is entitled to maintenance and cure. Thus, the parties in this case clearly have adverse legal interests.

Next, the court must consider whether to exercise its discretionary jurisdiction over this case. The court will consider each of the four factors laid out by the Fourth Circuit in <u>Aetna Cas. & Sur. Co. v. Ind-Com Elect. Co.</u>, 139 F.3d at 422-23. First, this action would undoubtedly serve a useful purpose in clarifying the legal relations in issue. This case would resolve the question of whether plaintiff has an obligation to provide maintenance and cure to defendant. Second, this action will provide some relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. This action might not resolve all legal disputes that could arise from these facts, as there is a possibility that defendant may bring a negligence claim against plaintiff under the Jones Act. 46 U.S.C. app. § 688. However, it would be inappropriate to dismiss this action and deny plaintiff some relief from the current uncertainty and insecurity simply because defendant might, at some point, bring a related claim involving the same facts.

7

Third, considerations of federalism, efficiency, and comity have limited relevance to this case, because, as stated in plaintiff's brief, "[t]o date, Phelps has not filed any state or federal court action against Norfolk Dredging." (Pl.'s Br. 2). Furthermore, defendant has not stated in any of his filings with the court that he has or intends to bring a related state action against plaintiff. As there is no pending state action, this third factor has little bearing on this case. Fourth, there is scant evidence that plaintiff has used procedural fencing in this action. This action concerns admiralty law, which is often handled by federal courts. Although res judicata would apply to any future state action defendant chooses to bring, Wilton, 515 U.S. at 283, it would be inappropriate for this court to dismiss this action in anticipation of a yet unfiled state action.

Defendant cites three cases from the Fifth Circuit in arguing that the court should grant his Motion to Dismiss.[3] These cases are distinguishable from this action. All three of these cases involved parallel actions in state court, and in two of them, the plaintiff sought a declaratory judgment on defendant's potential Jones Act claim as well as maintenance and cure. As stated earlier, there is no parallel state action in this case, and plaintiff is not seeking

---

[3]Defendant cites Torch, Inc. v. LeBlanc, 947 F.2d 193 (5th Cir. 1991); Specialty Diving of La., Inc. v. Mahoney, 2006 U.S. Dist. LEXIS 3609 (E.D.La. 2006); B.J. Services, Inc. v. Jackson, 1996 U.S. Dist. LEXIS 14625 (E.D.La. 1996).

a declaratory judgment regarding plaintiff's potential Jones Act claim.  Therefore, these cases are substantially dissimilar to this case.

### V.  Conclusion

In consideration of the four factors set forth by the Fourth Circuit, and given that defendant has not yet brought a state court action, this court will exercise its jurisdiction over this case. Accordingly, defendant's Motion to Dismiss is **DENIED.**

In his answer filed March 29, 2006, defendant brought a counterclaim.  Plaintiff has not responded to this counterclaim, and the court will provide it with an opportunity to do so. Accordingly, if plaintiff wishes to respond to defendant's counterclaim, plaintiff is **ORDERED** to do so within twenty (20) days of this Opinion and Order.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to counsel for plaintiff and counsel for defendant.

IT IS SO **ORDERED.**

                                            _____/s/_____
                                            Rebecca Beach Smith

Norfolk, Virginia

June 13, 2006