**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| **In the Matter of the Complaint of NORFOLK DREDGING CO., AS OWNER OF TUG CHARLIE, FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **Civil No. 2:06cv156** |
| **NORFOLK DREDGING CO., Plaintiff, v. STEPHEN L. PHELPS Defendant.** | **Civil No. 2:05cv661** |

**OPINION & ORDER**

Claimant, Stephen L. Phelps, filed a claim in response to Plaintiff's action for limitation of liability pursuant to Supplemental Rule F of the Federal Rules of Civil Procedure for Certain Admiralty and Maritime Claims ("Rule F"). This matter is before the Court on Plaintiff's motion to consolidate, motion for an independent medical examination ("IME" motion), and motion to compel, and on Claimant's motion to lift the injunction and stay the limitation of liability proceeding. Docs. 19, 21, 27 & 29. The present matter, Civil No. 2:06cv156, will be referred to as the "Limitation of Liability Action."

Plaintiff also filed a declaratory judgment action naming Claimant as the defendant. Norfolk Dredging Co. v. Stephen L. Phelps, Civil No. 2:05cv661 (the "Declaratory Judgment

Action").[1] This action was assigned to United States District Judge Rebecca Beach Smith, who referred the matter to United States Magistrate Judge Tommy E. Miller. 2:05cv661 Docs. 17 & 18. For consistency, the Court will refer to Defendant as "Claimant" with regards to both actions throughout this Opinion and Order.

## I. Factual and Procedural History[2]

Claimant alleges that he was injured on July 14, 2005, while working as a seaman aboard the Tug CHARLIE. Doc. 20 at 1. Claimant alleges that he hit his head on a hatch and sustained injuries. Id. Claimant attributes blame for his injuries to Tug CHARLIE's unseaworthiness and Plaintiff's negligence. Id.

Plaintiff filed the Declaratory Judgment Action on November 8, 2005. 2:05cv661 Doc. 1. Plaintiff sought a declaratory judgment that it was not obligated to provide Claimant with maintenance and cure. Id. On March 29, 2006, Claimant moved to dismiss Plaintiff's Declaratory Judgment Action under Federal Rules of Civil Procedure 12(b)(1), 12(b)(3) & 12(b)(6). 2:05cv661 Doc. 4. In the alternative, Claimant raised a counter-claim of negligence. Id. at ¶¶ 22-23. On June 13, 2006, Judge Smith denied Claimant's motion to dismiss. 2:05cv661 Doc. 11. Plaintiff replied to Claimant's counter-claim and set forth several affirmative defenses. Doc. 12. The Declaratory Judgment Action was referred to Magistrate Judge Miller on August 8, 2006. 2:05cv661 Docs. 17 & 18.

---

[1] References to documents filed in the Declaratory Judgment Action are to "2:05cv661 Doc. [n]." References to documents filed in the Limitation of Liability Action are to "Doc. [n]."

[2] The factual procedural history presented here is limited to events relevant to the issues currently before the Court, and is not a comprehensive summary of the factual and procedural history in either the Limitation of Liability Action or the Declaratory Judgment Action.

Plaintiff filed the Limitation of Liability Action on March 17, 2006. Doc. 1. Plaintiff complied with Rule F's notice and stipulation requirements, and the Court enjoined all other actions against Plaintiff or Tug CHARLIE on March 22, 2006. Doc. 11. Claimant filed a claim on April 27, 2006, alleging that he suffered "significant injuries" amounting to $150,000.00 due to "the negligence of [Plaintiff]," and that "to date, [Plaintiff] has refused to pay maintenance and cure to pay medical bills." Doc. 12 at 1. Claimant further complained of the unseaworthiness of the vessel. Id. On June 27, 2006, Claimant's North Carolina counsel filed an action against Plaintiff in the Superior Court of Brunswick County, North Carolina. Doc. 21, Ex. 1. This state court action sought damages for negligence, the unseaworthiness of the Tug CHARLIE, and maintenance and cure from Plaintiff. Id.; Stephen L. Phelps v. Norfolk Dredging Co., Docket No. 06cvs1245 (N.C. Super. Ct., Brunswick County). Claimant's Virginia counsel explained that this action was filed in error, see Doc. 25 at 2, and on September 21, 2006, a notice of dismissal was filed with the state court.

Claimant moved this Court to lift the injunction and stay the Limitation of Liability Action on July 26, 2006. Doc. 19. Claimant states that he desires to pursue his claim in state court, and that he has entered stipulations sufficient to lift the stay. Id. The parties have fully briefed this matter. Docs. 18-20, 23 & 24. Plaintiff filed parallel motions to consolidate the actions on August 3, 2006, and parallel motions to compel and for IMEs on October 4, 2006. 2:05cv661 Docs. 15, 21 & 23; Docs. 21, 27 & 29. The Court held a hearing on these motions on October 18, 2006.

## II. Legal Standards

### A. Motions to Consolidate

A court faced with pending actions involving a common question of law or fact may:

> order a joint hearing or trial of any or all the matters in issue in the actions; . . . order all the actions consolidated; and . . . make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a) ("Rule 42(a)"). Courts have "broad discretion" to consolidate cases under Rule 42(a). A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928, 933 (4th Cir. 1977). Consolidation "clearly" satisfies Rule 42(a) when the claims are brought against the same party, rely on the same witnesses, allege the same misconduct, and are answered with the same defenses. Harris v. L & L Wings, Inc., 132 F.3d 978, 982 n.2 (4th Cir. 1997).

### B. Rule F Limitation of Liability Actions

When the owner of a vessel timely files a complaint under Rule F(1) and complies with Rule F's notice and stipulation requirements, the owner perfects its right to limited liability:

> [A]ll claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action.

Rule F(3). In order to commence a limited liability proceeding, the owner must first receive notice of a claim in writing. Rule F(1).

However, the "Savings for Suitors Clause," 28 U.S.C. § 1333, grants district courts original jurisdiction over any civil case of admiralty or maritime jurisdiction, "saving to suitors in all cases all other remedies to which they are otherwise entitled." One such remedy is a jury trial in state court. See In the Matter of the Complaint of McAllister Towing of Virginia, Inc. as Dispondent Owner of the Suzanne McAllister for Exoneration From or Limiation of Liability,

999 F. Supp. 797, 799 (E.D. Va. 1998) (citations omitted) ("McAllister Towing").

These other remedies may be pursued, so long as the federal district court maintains the ultimate power to limit the owner's liability under Rule F. "[S]tate courts, with all their remedies, may adjudicate claims . . . against vessel owners so long as the vessel owner's right to seek limitation of liability is protected." Norfolk Dredging Co. v. Wiley, 439 F.3d 205, 209-10 (4th Cir. 2006) (emphasis in original) (quoting Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 455-56 (2001)). For example, the Fourth Circuit found that an owner's right to limited liability remained protected, while a Rule F proceeding was stayed and an injunction against pursuing other claims against the owner was lifted, when a claimant:

(1) stipulated to the district court's exclusive jurisdiction over the limitation of liability action;

(2) waived the right to use any resulting state court judgment to preclude federal litigation of the limitation of liability issues;

(3) stipulated to the value of the owner's interest in the vessel, reserving the right to move for an increase in value pursuant to Rule F; and

(4) agreed not to enforce any state court judgment exceeding the stipulated value until the federal court considered the owner's limitation claim, again reserving the right to move for an increase in value pursuant to Rule F.

See Norfolk Dredging Co. at 210. Additionally, under two circumstances the limitation proceedings "must" be stayed to allow a Claimant to pursue an action before a state jury: "(1) when the value of the limitation funds exceeds the total value of all claims asserted against the shipowner; or (2) when only one claim is asserted against the shipowners and sufficient stipulations are filed." McAllister Towing at 799-800 (citing, inter alia, Lake Tankers Corp. v. Henn, 354 U.S. 147 (1957); Ex Parte Green, 286 U.S. 437 (1932); and Langnes v. Green, 282 U.S. 531 (1931)). A plaintiff who contests the staying of federal limitation proceedings must

demonstrate that lifting the Rule F(3) injunction will prejudice the plaintiff's limitation of liability right. Norfolk Dredging Co. at 210.

## III. Discussion

### A. Motion to Consolidate

The Limitation of Liability Action and the Declaratory Judgment Action are both against Claimant and arise out of the same alleged event. The actions would involve the same witnesses and evidence. In response to both actions, Claimant asserted claims of negligence and complained of Plaintiff's failure to provide Claimant with maintenance and cure. Claimant asserted an additional claim of unseaworthiness in the Limitation of Liability Action, which Claimant did not specifically assert in the Declaratory Judgment Action. Rule 42(a), however, does not require the common questions of law or fact to be exhaustive of the questions of law or fact before the Court. See Rule 42(a) (speaking to "actions involving a common question of law or fact") (emphasis added). And although Claimant's unseaworthiness claim is not identical to his negligence claim under the Jones Act, both would require the Court to engage in causation analysis.[3] For these reasons, consolidating these actions would avoid unnecessary costs and delay. Plaintiff's motion to consolidate is **GRANTED**.

---

[3] To prevail on his unseaworthiness claim, Claimant would have to show that "the unseaworthy condition of the vessel was the proximate or direct and substantial cause of the seaman's injuries." Hernandez v. Trawler Miss Vertie Mae, Inc., 187 F.3d 432, 438-39 (4th Cir. 1999) (quoting Gosnell v. Sea-Land Serv., Inc., 782 F.2d 464, 467 (4th Cir. 1986)). The Fourth Circuit has characterized Claimant's burden to prove unseaworthiness as "more demanding" than Claimant's burden to prove negligence Jones Act. Hernandez at 439 (quoting Estate of Larkins v. Farrell Lines, Inc., 806 F.2d 510, 512 (4th Cir. 1986)). By comparison, to establish negligence under the Jones Act Claimant must show "conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm." Id. at 437 (quoting Restatement (Second) of Torts § 282 (1965)).

**B. Motion to Lift the Injunction and to Stay the Limitation of Liability Action**

In support of his motion to lift the injunction and stay the Limitation of Liability Action, Claimant has made the following stipulations:

(1) This Court "has exclusive federal jurisdiction over all limitation of liability matters and the venue is proper;"

(2) This Court "has the right to determine the value of the vessel, Tug CHARLIE[,] and the amount of the limitation fund; [Claimant] agrees that the initial value of the Tug CHARLIE has been determined to be $25,000.00. [Claimant] reserves the right to file a motion to have the limitation fund increased and that the limitation fund should also include the value of the other vessels involved in the common enterprise (the Dredge ESSEX and another tugboat) pursuant to the flotilla doctrine;"[4]

(3) "[Claimant] will not assert res judicata arguments based on any state court

---

[4] The flotilla doctrine

> is described in Sacramento Navigation Co. v. Salz, 273 U.S. 326, 329-30 (1927), which held that "any vessel transporting merchandise or property," as that phrase is used in the Harter Act, included both the tug and barge in dispute because both were "indispensable" to carrying out the maritime contract to transport goods and therefore were "in law, one vessel," and Liverpool, Brazil & River Plate Steam Navigation Co. v. Brooklyn Eastern District Terminal, 251 U.S. 48, 52 (1919), which rejected the flotilla doctrine in a Limitation of Liability action where a barge and a disabled tug were lashed to the sides of an actively powered tug because only the powered tug was "actively responsible" for the collision, even though the barge was the vessel that collided with the claimant.

Norfolk Dredging Co., 439 F.3d at 207 n.*.

judgment that he may obtain;"

(4)[5] "[Claimant] will not seek to enforce any state court judgment in excess of the limitation fund as determined by [the Court], until this Court considers and adjudicates the limitation claim of Norfolk Dredging Company and, if raised, the Motion of [Claimant] to increase the value of the fund;"

(5) "[Claimant] is the only claimant with respect to the accident of July 14, 2005."

Docs. 18 & 24. These stipulations mirror the stipulations accepted as adequate by the Fourth Circuit in Norfolk Dredging Co., 439 F.3d at 210, and the final stipulation as to Claimant being the sole claimant renders this action one that "must" be stayed and the injunction lifted. See McAllister Towing, 999 F. Supp. 797, 799-800 (E.D. Va. 1998).

Plaintiff argues that Claimant should not benefit from his stipulations, because Claimant filed a state court action after the imposition of the injunction and Claimant's stipulations, as originally submitted, did not perfectly mirror the text of the stipulations in Norfolk Dredging Co.. Doc. 23 at 2-4. Plaintiff further argues that allowing Claimant to proceed in state court would not be appropriate without first determining whether or not the flotilla doctrine applies, as the limitation of liability action is intended to provide plaintiffs with a "sum-certain cap" on their liability. Id. at 4-6.

These arguments are unconvincing. As the Plaintiff made no appearance in the state action, see Doc. 28, Ex. E at 2 (noting that a default hearing had been scheduled), and the state action was dismissed on September 21, 2006, Plaintiff was not prejudiced by the filing of the state court action. Claimant responded to Plaintiff's complaint about the text of the stipulations

[5] As modified by Claimant's Supplemental Stipulations. Doc. 24.

by filing Supplemental Stipulations that corrected the errors which Plaintiff alleged. See Doc. 24. Furthermore, the Court need not determine the applicability of the flotilla doctrine before staying a limitation of liability action. Norfolk Dredging Co. at 210. The Court may "postpone, and thereby possibly avoid, resolving the novel question whether to apply the flotilla doctrine to determine the size of the limitation fund." See id. Such a postponement is also consistent with the Court's "broad power . . . to reserve the determination of any important, yet potentially irrelevant, issue until later in the proceedings." Id. In the present case, the outcome of the potential state proceedings is unknown. Should the Plaintiff prevail in state court, or should a state jury award Claimant an amount less than the present stipulated amount, then any present effort to determine the applicability of the flotilla doctrine would be rendered irrelevant. Claimant's stipulations also ensure that this Court retains ultimate authority over whether or not the flotilla doctrine applies in the present case.

For the reasons stated herein, the Court **HOLDS** that Claimant's stipulations are adequate to preserve this Court's ultimate authority to limit Plaintiff's liability and that it is unnecessary for the Court to consider the applicability of the flotilla doctrine prior to staying the consolidated action. The Court therefore **GRANTS** Claimant's motion, **LIFTS** the injunction, and **STAYS** this consolidated action. The Court is concerned that Claimant bring his state court action in a timely fashion and is aware of the impending discovery deadlines and trial dates in these matters. The Court therefore **ORDERS** that the stay and injunction in this consolidated action will be reinstated ten (10) days from the entry of this Opinion and Order, unless Claimant files notice with this Court that he has filed a state court action. The parties are **ADVISED** that until such notice is filed, the present trial dates and discovery deadlines will remain unchanged.

Upon the filing of such notice, the Court will enter another order removing this action from the active docket of this Court and reserving the right of either party to move that the case be reinstated to the active docket.

**IV. Conclusion**

For the reasons stated herein, Plaintiff's motion to consolidate this Limitation of Liability Action with the Declaratory Judgment Action, 2:05cv661, (Doc. 21) is **GRANTED**.

Claimant's motion (Doc. 19) is **GRANTED**, the injunction is **LIFTED**, and this consolidated action is **STAYED**, subject to Claimant filing notice with this Court of his filing of a state court action within ten (10) days of the entry of this Opinion and Order.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to all counsel of record.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 2, 2006